UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SPYRIDON VOULGARIS,

    Plaintiff,

vs.                                                                                      Case No. 17-13129

UNITED STATES DEPARTMENT                           HON. AVERN COHN
OF TREASURY INTERNAL
REVENUE SERVICE,

    Defendant.
_____/

# MEMORANDUM AND ORDER
# GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 7)[1]
# AND
# DISMISSING CASE

### I. Introduction

This is a tax case. Plaintiff Spyridon Voulgaris, a citizen of Greece, is suing the United States to collect on an overpayment in the amount of $24,584.95. The Internal Revenue Service (IRS) denied him a refund at the administrative level. As will be explained, in 2010 the IRS levied funds on an account plaintiff had while living in the United States for plaintiff's 2003 income tax liability. Plaintiff discovered the missing funds in 2012 and was informed in 2015 that his claim for refund was untimely. The complaint asserts several counts, phrased by plaintiff as follows:

    Count I - taking of property without due process

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

      Count II - fraudulent preparation of a tax return by IRS

      Count III - improper utilization of a technique to deprive plaintiff of his money

      Count IV - unauthorized collection activity

      Count V - Federal Tort Claims Act (FTCA)

      Count VI - Attorney Fees under Equal Access Justice to Justice Act

Before the Court is the government's motion to dismiss. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

## II. Background

Following are the facts as gleaned from the complaint and documents referenced in the complaint.

Plaintiff attended the University of Michigan to pursue a doctorate degree in computer science. While attending the University of Michigan, plaintiff maintained a University of Michigan Credit Union account. Plaintiff moved to Amsterdam in August of 2001and submitted a timely income tax return for 2001.

In 2003, plaintiff made online stock trades through a Scottrade account. The IRS received reports showing that plaintiff received $76,845.59 of income from stock trades in the United States in 2003. Based on these reports, which showed plaintiff's gross income from stock trading, the IRS determined plaintiff's income tax liability for 2003.

IRS records furnished by the parties show that on September 2, 2008, the IRS mailed a Statutory Notice of Deficiency to plaintiff as required by 26 U.S.C. § 6213(a). Additionally, on November 16, 2009, the IRS mailed an Intent to Levy Collection Due Process Notice to plaintiff. Plaintiff says that he never received these notices and that

the address used by the IRS was incorrect.

On January 28, 2010, the IRS issued a Notice of Levy to U of M Credit Union requesting payment of $28,780.20 for the plaintiff's 2003 tax liability. On February 24, 2010, U of M Credit Union issued a check to the IRS in the amount of $28,584.95. The IRS received the payment on February 28, 2010.

Plaintiff says that he noticed for the first time that he no longer had funds in the U of M account in June of 2012. Plaintiff also says that he filed a claim for refund with the IRS in January of 2013, consisting of a letter, Schedule D, Schedule D-1, and a Composite Substitute 1099 showing his Scottrade stock transactions. This correspondence was received by the IRS on February 10, 2013.

The IRS acknowledged receipt of a Schedule D by a letter, which stated: "[W]e can not close your account with out a signed Form 1040. Please send us a completed and signed Form 1040 as soon as possible so we can expedite processing of your return."

IRS records contain a date-stamped cover letter and partial signed 1040 that were received by the IRS on August 19, 2015. According to IRS records, this is the date the IRS received and processed the plaintiff's administrative claim for refund.

On September 25, 2015, the IRS mailed the plaintiff a letter of disallowance, stating that the IRS could not allow his claim for refund because his request was untimely.

Plaintiff filed this case on September 25, 2017.

### III. Legal Standard

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.

Courts evaluate Rule 12(b)(6) motions by construing the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, drawing all reasonable inferences in favor of the plaintiff, and ultimately determining whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 470.  A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but a party's"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Twombly, 550 U.S. at 555.   A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'"  Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice  12.342 (3d ed. 2000)); see also Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (holding that a document incorporated by reference in a complaint can be introduced by a defendant if it is not attached by plaintiff).

## IV.  Analysis

### A.  Plaintiff's Claim for Refund

1. In General

Congress has provided a limited waiver of sovereign immunity for taxpayers seeking a refund of taxes paid. A taxpayer's right to bring suit against the United States for tax-related claims is set out broadly in 28 U.S.C. § 1346(a)(1). Jurisdictional requirements for bringing a refund suit in district court are set forth in 26 U.S.C. §§ 7422 and 6511. Section 7422 states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). To be "duly filed," a claim for refund must comply with the requirements of Section 6511(a) and (b) of the Internal Revenue Code. United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008); Ameel v. United States, 426 F.2d 1270, 1274 (6th Cir. 1970); Lee v. United States, 1995 U.S. App. LEXIS 27156, *12 (6th Cir. Sept. 6, 1995).

2. Timeliness

The government says that although plaintiff's administrative claim was timely, his claim for refund is barred by the statute of limitations. The Court agrees.

Section 6511(a) requires that a claim for refund must "be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). It is well-settled that if a taxpayer does not file a timely tax return, a late-filed, "properly

5

executed" individual income tax return constitutes both a return and a claim for refund—filed simultaneously—within the meaning of section 6511. See 26 C.F.R. § 301.6402-3(a)(5). A "properly executed" return must contain "a written declaration that it is made under the penalties of perjury." 26 U.S.C. § 6065. "As a general rule, a return is considered filed on the date the return was received by the IRS." Spiroff v. United States, 95 F. Supp. 2d 673, 675 (6th Cir. 2000) (citing Miller v. United States, 784 F.2d 728, 730 (6th Cir. 1986)).

Here, the IRS treated plaintiff as having filed a return when it received a properly executed 2003 Form 1040, signed under penalty of perjury, on August 19, 2015. The IRS considered the plaintiff's administrative claim for refund as of that date. The administrative claim meets the timeliness requirements in 26 U.S.C. § 6511(a) because the return and the claim for refund were filed simultaneously.

However, plaintiff's claim must also meet the requirements of 26 U.S.C. § 6511(b). Section 6511(b)(2)(A) states:

> If the claim was filed by the taxpayer during the 3-year period prescribed in [6511](a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A).

Here, plaintiff's tax liability was partially paid via levy on February 28, 2010. The complaint requests a refund of this amount, but plaintiff's claim for refund was not submitted to the IRS until he submitted a properly executed tax return on August 19, 2015, which was more than 5 years after the payment was made. Plaintiff made his request for refund far outside of the applicable 3-year limitation period.

Where, as here, a plaintiff is barred by the limitations period set forth in Section 6511(b)(2), the district court lacks jurisdiction and the claim must be dismissed. Lee v. United States, 1995 U.S. App. LEXIS 27156, *12 (6th Cir. Sept. 6, 1995) ("Because plaintiff's recovery is barred by the limitations period set forth in § 6511(b)(2)(A), the district court lacked subject matter jurisdiction."); Miller v. United States, 2000 WL 33115899, *1 (E.D. Mich. June 7, 2000). Accordingly, plaintiff's claim for refund must be dismissed.

### 3. Equitable Tolling

Plaintiff suggest that the "excessive time" the IRS took in reviewing his submissions and requesting more documents should not deprive him of a refund. Plaintiff appears to be arguing that his claim should be subject to equitable tolling. This argument is unavailing because the Commissioner cannot waive the government's right to strict compliance with the statutory requirement of filing a timely claim for refund. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71 (1933).

### B. Plaintiff's Other Claims

Plaintiff asserts other claims in the complaint which object to the assessment and collection of the tax. Plaintiff claims that the levy was an unconstitutional taking under the Fifth Amendment and also says that the IRS's determination of his tax liability was fraudulent. Plaintiff also claims that the government violated the Federal Tort Claim Act and violated 26 U.S.C. § 7433 (wrongful collection activity) and wrongful levy under 26 U.S.C. § 7426 (wrongful levy).

The government says that these claims fail to state a claim for several reasons. The Court agrees. As to plaintiff's claim for wrongful collection, section 7433 does not

provide a viable cause of action to challenge the underlying assessment of the tax. Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) (taxpayer cannot seek damages under § 7433 for improper assessment of taxes, only for improper collection); Gonsalves v. IRS, 975 F.2d 13 (1st Cir. 1992) (the statute was not intended to allow taxpayers to circumvent procedures for filing a refund action).

Plaintiff's wrongful collection claim is barred by the statute of limitations. Under section 7433 "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). A taxpayer's Section 7433 cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all the essential elements of the possible cause of action." 26 C.F.R. § 301.7433-1(g)(2); Banks v. United States, 2009 U.S. Dist. LEXIS 30225, *30 (N.D. Ohio Mar. 27, 2009); Tenpenny v. United States, 490 F. Supp. 2d 852, 859 (N.D. Ohio 2007).

Here, as a February 2010, plaintiff's bank statement reflected that the funds were removed from his account by IRS levy. At that time, plaintiff had a reasonable opportunity to discover that the levy had occurred as early as March of 2010 when his statement became available. As such, he was required to file this lawsuit by March of 2012. The complaint was filed on September 25, 2017—far outside of the statute of limitations.

Moreover, section 7433(d)(1) provides that a "judgment for damages shall not be awarded [ . . . ] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff." 26 U.S.C. § 7433(d)(1). To exhaust administrative remedies, the plaintiff must submit an administrative claim. See 26 C.F.R. § 301.7433-1(e)(1). The is no allegation that filed an administrative claim. In

8

this Circuit this limitation is not jurisdictional; however, it is a mandatory "precondition on an award of damages," and a plaintiff who has not submitted an administrative claim fails to state a claim upon which relief may be granted. Hoogerheide v. IRS, 637 F.3d 634, 637 (6th Cir. 2011).

As to plaintiff's fraud claim under the FTCA, plaintiff alleges that the IRS's preparation of a tax return on his behalf constitutes the tort of fraud and entitles him to damages under the FTCA. Not so. The FTCA waives sovereign immunity with respect to certain actions, but actions connected with the assessment or collection of taxes "are expressly excluded from the waiver." Fishburn v. Brown, 125 F.3d 979 (6th Cir. 1997) (citing Ecclesiastical Order of the Ism of Am v. Chasin, 845 F.2d 113, 115 (6th Cir. 1988)). Plaintiff's FTCA claim is related to collection and assessment of tax, for which the FTCA does not waive sovereign immunity, and it must be dismissed for lack of subject matter jurisdiction. Additionally, 28 U.S.C. §§ 2675(a) and 2401(b) require that before filing suit, the plaintiff must file a timely administrative claim. See McNeil v. United States, 508 U.S. 106, 111-12 (1993); United States v. Wong, 135 S.Ct. 1635 (2015). There is no allegation that plaintiff filed an administrative claim related to his FTCA claim. Overall, he has not stated a viable claim under the FTCA.

Finally, plaintiff's claim for wrongful levy under 26 U.S.C. § 7426 also fails. By its plain language, "26 U.S.C. § 7426 only allows for claims of wrongful levies by third parties, not by the parties against whom the taxes were assessed." Hunter v. United States, 2012 U.S. Dist. LEXIS 170082, *5 (W.D. Ky. Nov. 30, 2012).

C. Plaintiff's Response

Plaintiff's response does not address any of the government's arguments for

9

dismissal. Instead, plaintiff cites the 5th Amendment as support for his claims. As the government points out, the 5th Amendment standing alone does not provide a cause of action or demonstrate how plaintiff's claims are untimely and/or fail to state a plausible claim for relief.

    SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: 9/5/2018
      Detroit, Michigan